RECEIVED
IN ALEXANDRIA, LA

APR 2 9 2009

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF LOUISIANA**

**ALEXANDRIA DIVISION**

**LEE TREADWAY (D.O.C. #96980)** — **DOCKET NO. 08-CV-1908**

**VERSUS** — **JUDGE DEE D. DRELL**

**TIM WILKINSON, ET AL.** — **MAGISTRATE JUDGE JAMES D. KIRK**

**REPORT AND RECOMMENDATION**

Before the court is the *pro se* civil rights complaint (42 U.S.C. § 1983) of Plaintiff Lee Treadway, filed *in forma pauperis* on December 2, 2008. Treadway is an inmate in the custody of the Louisiana Department of Public Safety and Corrections. He is currently housed at the Richwood Correctional Center in Monroe, Louisiana, but the incidents complained of occurred when he was housed at Winn Correctional Center ("WCC"). He names as defendants Tim Wilkinson and C. Coldemen.

This matter has been referred to the undersigned for review, report, and recommendation pursuant to 28 U.S.C. § 626 and the standing orders of the court.

**STATEMENT OF THE CASE**

Plaintiff claims that he being held beyond his proper release date of October 8, 2008. He seeks compensatory damages in the amount of three hundred dollars for each day that he is incarcerated after October 8, 2008, as well as punitive damages. He also seeks the appointment of an attorney to represent him in this matter.

Plaintiff states that he lost a significant amount of good time following multiple disciplinary convictions on January 6, 2000, October 2, 2006, and October 24, 2006. He complains that the disciplinary board did not follow proper procedure in imposing his sentences, thereby violating his constitutional rights.

**LAW AND ANALYISIS**

1. APPOINTMENT OF COUNSEL

Plaintiff requests that counsel be appointed to assist him in this litigation. "Generally no right to counsel exists in §1983 actions [but] appointment of counsel should be made as authorized by 28 U.S.C. §1915 where 'exceptional circumstances' are present." Robbins v. Maggio, 750 F.2d. 405 (5th Cir. 1985). No precise definition of "exceptional circumstances" is available, but the court can consider the following factors: the type and complexity of the case; the plaintiff's ability to adequately present and investigate his case; the presence of evidence which largely consists of conflicting testimony so as to require skill in presentation of evidence and cross-examination; and the likelihood that appointment will benefit the petitioner, the court, and the defendants by "shortening the trial and assisting in just determination." See Parker v. Carpenter, 978 F.2d. 190 (5th Cir. 1992), citing Murphy v. Kellar, 950 F.2d. 290, 293, n.14 (5th Cir. 1992).

In this civil rights case, Plaintiff has alleged that he was

wrongfully deprived of "good time" credits. This claim is not atypical of those often asserted by inmates proceeding pro se, and it is not complex. The appointment of counsel would not shorten the trial and is not necessary for a just determination because this case is one that can be disposed of on the face of the complaint. Accordingly, Plaintiff's request for appointment of counsel should be denied.

2. SENTENCE IMPOSED - LOSS OF "GOOD TIME"

Plaintiff's claim stems from one or more disciplinary convictions that resulted in the loss of good time credits. The Supreme Court has held that a plaintiff in a 42 U.S.C. §1983 action may not recover damages for "allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," unless he "prove[s] that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determinations, or called into question by a federal court's issuance of a writ of habeas corpus." Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). The Supreme Court has extended Heck to prison disciplinary proceedings like the one in question here, concluding that claims for damages and declaratory relief that necessarily imply the invalidity of the punishment imposed in a disciplinary conviction are not cognizable in a 42 U.S.C. §1983 proceeding. See Edwards v. Balisok, 520 U.S.

641, 646-48 (1997).

Plaintiff alleges that the proper procedure was not followed at his sentencing. He states that no representative from the DOC was present when his good time was forfeited, in violation of Louisiana law. Plaintiff is presumably relying on the Louisiana Corrections Private Management Act, La. R.S. 39:1800.1, et seq. Even if the Louisiana statute was violated, that does not present a constitutional claim under §1983. Such a challenge should be raised in the Louisiana Nineteenth Judicial District Court. Pursuant to La. R.S. 15:571.15, "Venue in any action in which an individual committed to the Department of Public Safety and Corrections contests the computation of his sentence or sentences, discharge, good time dates, or any action concerning parole shall be in the parish of East Baton Rouge...."

Moreover, Plaintiff has not alleged that his disciplinary convictions or sentences have been reversed, expunged, invalidated, or otherwise called into question. Thus, success in this suit would necessarily imply the invalidity of Plaintiff's disciplinary conviction and sanctions. Plaintiff's claims are not cognizable in a 42 U.S.C. §1983 proceeding. See Edwards v. Balisok, 520 U.S. 641, 646-48 (1997). His complaint should be dismissed as frivolous under Heck.

Accordingly,

**IT IS RECOMMENDED THAT** Plaintiff's request for appointment of counsel be **DENIED** and his complaint be **DENIED and DISMISSED WITH PREJUDICE** as frivolous, in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B).

## OBJECTIONS

**Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the District Judge at the time of filing.**

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. <u>See</u> <u>Douglass v. United Services Automobile Association</u>, 79 F.3d 1415 (5th Cir. 1996).**

**THUS DONE AND SIGNED** at Alexandria, Louisiana, this 29th day of April, 2009.

James D. Kirk
**United States Magistrate Judge**